NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| MARK N. WAYSON, | ) | |
| | ) | Supreme Court No. S-18314 |
| Appellant, | ) | |
| | ) | Superior Court No. 3AN-17-05729 CI |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| WILLIAM E. STEVENSON, | ) | AND JUDGMENT[*] |
| | ) | |
| Appellee. | ) | No. 1953 – February 22, 2023 |
| | ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Thomas A. Matthews, Judge.

Appearances: Mark N. Wayson, pro se, Sutton, Appellant. Paul W. Waggoner, Paul Waggoner Law Office, Anchorage, for Appellee.

Before: Winfree, Chief Justice, Maassen, Carney, Borghesan, and Henderson, Justices.

## I.     INTRODUCTION

A litigant violated a protective order by sending a confidential document to a reporter. The superior court found that the disclosure was unintentional but could still be considered willful, and it therefore held the litigant in contempt. The litigant appeals. We conclude that the superior court's findings do not support a conclusion that the litigant's conduct was willful; we therefore vacate the contempt order.

---

[*]     Entered under Alaska Appellate Rule 214.

## II.    FACTS AND PROCEEDINGS

### A.    Facts

This appeal follows a related appeal in *Wayson v. Stevenson*, involving a dispute over an easement that leads from the Glenn Highway to a parcel of land used as an access point to the Matanuska Glacier.[1]  During the course of the litigation the superior court ordered Stevenson to produce a lease agreement between himself and Cook Inlet Region, Inc. (CIRI), which also has land interests in the area.[2]  Stevenson asked the court to confirm that the lease was subject to Alaska Evidence Rule 508,[3] that it should be treated as a confidential business record, and that Wayson was "prohibited from using the discovery for any improper purpose, from re-disclosing the discovery to third parties, and from using the discovery for any purpose outside the scope of [the] litigation."  The court signed Stevenson's proposed orders in June 2018.

In 2021 a reporter for a national newspaper interviewed Wayson about the glacier access dispute.  The reporter requested a number of documents from Wayson, including a "CIRI Trespass Report."  Wayson responded by email with a PDF attachment titled "8/13/17 CIRI Trespass Report re Stevenson."  The PDF included not only the trespass report but also a copy of the CIRI lease.  The reporter published an article that included information apparently drawn from the lease.

---

[1]    514 P.3d 1263, 1267 (Alaska 2022).  Mark Wayson, the landowner, is the appellant here; William Stevenson, the easement holder, is the appellee.

[2]    *Id*. at 1269.

[3]    Evidence Rule 508 provides that trade secrets are privileged but that "[w]hen disclosure is directed, the judge shall take such protective measures as the interests of the holder of the privilege and of the parties and the furtherance of justice may require."

Stevenson moved for an order to show cause, accusing Wayson of violating the court's confidentiality orders. Wayson opposed the motion, arguing that his disclosure had been unintentional.

## B. Proceedings

The court held a show cause hearing. Wayson admitted the existence of the court's orders preventing him from disclosing the CIRI lease to third parties, that the orders were valid, that he had received notice of them, and that he was able to comply with them. He also admitted that he provided the lease to a third party. Because a finding of contempt also requires willful disobedience of a court order, the only dispute was whether Wayson's failure to comply with the court orders was willful.

Wayson testified that he was unaware that the PDF he sent to the reporter contained the lease as well as the trespass report; that he had no motive to disclose it and gained no advantage from its disclosure; and that when he learned of his mistake he emailed the reporter asking her "to not publish it" because it "had been ruled confidential by the court." Wayson testified that he had initially filed the trespass report and lease together in one PDF file; then, when it came time to respond to the reporter, because the document's label only mentioned the trespass report, he did not realize the lease was attached. Wayson "relied on the way [he had] filed it" and provided her the report without actually reviewing the documents filed under the "CIRI Trespass Report" label.

The superior court found Wayson's testimony credible; it stated that Wayson had "indicated . . . candidly . . . that this was an inadvertent disclosure. [He] didn't do it intentionally." The court went on, "[Wayson] did not realize that the lease was filed in his electronic file the way it was and so when he sent the document to the reporter, it was without any knowledge that he was doing so and without any intent." Nevertheless, the court found that "whether [Wayson] acted in good faith or bad faith" is "not the standard in a civil contempt case," the real question being whether Wayson's

disclosure was "a volitional act." The court found that the disclosure was willful because Wayson "consciously sent an email to a reporter with an attachment" and he "should have done more to protect [the] document."

Exercising its authority under Alaska Civil Rule 90,[4] the court imposed on Wayson a $200 "civil penalty" but stated it would not "order a specific indemnity . . . on the basis of unknown and currently speculative future harm." It ordered Wayson "to contact the reporter and take all reasonable steps to retrieve the confidential document and to assure that any copies have been destroyed" and to inform the court of the steps he had taken to do so within 10 days. Finally, "to make sure that no further dissemination of confidential materials happens in the future," the court ordered Wayson to "return to Stevenson (or his counsel) all copies of the CIRI lease documents . . . along with any other confidential documents that were produced in discovery" within 30 days.

Wayson moved for reconsideration, reasserting his argument that the disclosure was not willful and arguing that even if it were, "Stevenson suffered no harm" and thus the disclosure constituted harmless error under Alaska Civil Rule 61.[5] He also argued that he should have been given the opportunity to question Stevenson at the show cause hearing. The court denied the motion, noting that Rule 61 was not applicable and that because "[o]nly . . . Wayson's actions were under review," he had no reason to question Stevenson. Wayson appeals.

---

[4]     Civil Rule 90(b) provides that for every act of contempt other than those committed in front of a judge, a court "shall order the accused party to show cause at some reasonable time . . . why the accused party should not be punished for the alleged contempt, or shall issue a bench warrant for the arrest of such party."

[5]     Rule 61 provides, "The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties."

## III.   STANDARD OF REVIEW

"We review the superior court's factual findings on the issue of contempt for clear error," but "we review de novo a superior court's decision to hold someone in contempt pursuant to Alaska Civil Rule 90(b)."[6]

## IV.   DISCUSSION

**It Was Error To Hold Wayson In Contempt After Finding That His Disclosure Was Inadvertent.**

A court may hold a party in criminal or civil contempt for failure to abide by a court order when four elements have been established:

> (1) the existence of a valid order directing the alleged contemnor to do or refrain from doing something and the court's jurisdiction to enter that order;

> (2) the contemnor's notice of the order within sufficient time to comply with it; and in most cases,

> (3) the contemnor's ability to comply with the order; and

> (4) the contemnor's willful failure to comply with the order.[7]

"[A]n act is done willful[l]y if done voluntarily and intentionally, that is, with the intent to disobey or disregard the law."[8] "An intentional or willful failure to comply with an order occurs when such failure is not due to inability, but to purposefulness, bad faith[,] or fault of petitioner as distinguished from accidental,

---

[6]     *Stuart v. Whaler's Cove, Inc.*, 144 P.3d 467, 469 (Alaska 2006) (quoting *Willoya v. State, Dep't of Corr.*, 53 P.3d 1115, 1120 (Alaska 2002)).

[7]     *L.A.M. v. State*, 547 P.2d 827, 831 (Alaska 1976) (reformatted).

[8]     *State v. Browder*, 486 P.2d 925, 943 (Alaska 1971).

inadvertent[,] or negligent conduct."[9]  "For an act of contempt to be willful, the defendant must . . . knowingly violate the court's order."[10]

Although the superior court found that Wayson's disclosure was unintentional, it nevertheless found that it was willful because "attach[ing] the file to his email to the reporter" was a "conscious," "volitional" act.  The court also found that Wayson "had the ability to ensure his own compliance, and could have taken any number of relatively small steps to ensure that he did not violate the Court's orders."  For example, he "could have declined to send the reporter any documents from the litigation in light of the court orders," he "could have checked the attachment to make sure what he was sending was in fact the documents he intended to send," and "he could have segregated the confidential records in his electronic file so that he could avoid any possibility of inadvertent disclosure.  But he did none of these things."

Stevenson supports the court's willfulness finding, contending that "willful" conduct includes reckless conduct or "careless disregard."  He cites *Safeco Insurance Co. of America v. Burr*, a U.S. Supreme Court case observing that "where willfulness is a statutory condition of civil liability, we have generally taken it to cover not only knowing violations of a standard, but reckless ones as well."[11]  Because Wayson took "no steps to comply with the confidentiality order," Stevenson argues, he "was properly found to be in contempt."

But *Safeco Insurance Co.* had nothing to do with contempt; it addressed a violation of the Fair Credit Reporting Act, and the Supreme Court expressly

---

[9]     *Cont'l Ins. Cos. v. Bayless & Roberts, Inc.*, 548 P.2d 398, 407 (Alaska 1976).

[10]     *O'Brannon v. State*, 812 P.2d 222, 228 (Alaska App. 1991).

[11]     551 U.S. 47, 57 (2007).

acknowledged that " 'willfully' is a 'word of many meanings whose construction is often dependent on the context in which it appears.' "[12] In Alaska civil contempt proceedings, "willfulness" is interpreted differently: "the intent which is required to prove willfulness is an intent to do the action which violates the court order."[13] Wayson's conscious action was sending the reporter an email with the trespass report attached. But that action did not violate the court's order — what violated the court's order was the inclusion of the confidential lease, an action the court specifically found to be unintentional.

The superior court considered it important that Wayson "had the ability to ensure his own compliance," pointing out the various steps he could have taken to avoid accidentally disclosing the lease. But the fact that Wayson had the ability to comply with the confidentiality order is not a substitute for a finding of willfulness. Our four-part test addresses the "ability to comply with the order" and the "willful failure to comply with the order" as two separate elements,[14] *both* of which must be proven to support a finding of contempt. Because the fourth element was not met in Wayson's case, it was error to hold him in contempt.

## V.    CONCLUSION

The superior court's order holding Wayson in contempt is VACATED.

---

[12]    *Id*. (quoting *Bryan v. United States*, 524 U.S. 184, 191 (1998)).

[13]    *O'Brannon*, 812 P.2d at 229 (citing *Cont'l Ins. Cos.*, 548 P.2d at 407).

[14]    *L.A.M. v. State*, 547 P.2d 827, 831 (Alaska 1976).